ANDREW S. MACKAY, #197074
amackay@donahue.com
PADMINI CHERUVU, #301292
pcheruvu@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California  94612-3520

Telephone:    (510) 451-3300
Facsimile:     (510) 451-1527

Attorneys for Plaintiff
ORGANIC GIRL LLC

DAVID D. SCHUMANN, #223936
David.schumann@foliolaw.com
STEFAN SZPAJDA, #282322
stefan@foliolaw.com
FOLIO LAW GROUP PLLC
1200 Westlake Avenue N., Suite 809
Seattle, Washington  98109

Telephone:    (206) 880-1802

Attorneys for Defendants
THE ORGANIC GIRL LLC and LISA FENNESSY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORGANICGIRL, LLC,

   Defendants,

   v.

THIS ORGANIC GIRL LLC; and LISA FENNESSY,

   Defendant.

Case No. 4:22-cv-00890-JST

**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT**

Date:    December 6, 2022
Time:    2:00 pm
Dept:    Ctrm. 6
Judge:   Hon. Jon S. Tigar

Date Action Filed: February 11, 2022

Pursuant to Rule 26(f), Civil L.R. 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff organicgirl, LLC ("Plaintiff") and Defendants This Organic Girl LLC ("TOG") and Lisa Fennessy ("Fennessy" and together with TOG, "Defendants") jointly submit this Joint Case Management Statement and Rule 26(F) Report (the "Statement").

# INTRODUCTION

## I.   JURISDICTION AND SERVICE

The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1125 and 28 U.S.C. §§ 1331 and 1338(a), as it arises under the Lanham Act of 1946, 15 U.S.C. §§ 1051, *et seq*. There are no issues regarding personal jurisdiction or venue and all parties have been served.

## II.   FACTS

### A.   Plaintiff's Contentions

Plaintiff incorporates its Complaint. Plaintiff is the owner of various registered and common law trademarks (the "ORGANICGIRL Marks") and has used the ORGANICGIRL Marks in connection with its products, website, and overall brand continuously since as early as February 2006. Fennessy began Defendants' website, a blog entitled THIS ORGANIC GIRL, on or about January 16, 2016. On March 26, 2020, TOG applied to register the mark "THIS ORGANIC GIRL," Application Serial No. 88/849,561, with the USPTO. There is a pending opposition proceeding before the U.S. Trademark Trial and Appeal Board regarding TOG's application for the "THIS ORGANIC GIRL" mark. Defendants are using a confusingly similar mark on similar goods and services. Defendants' "THIS ORGANIC GIRL" mark is so confusingly similar to the ORGANIC GIRL Marks, that there have been several instances of actual customer confusion. Plaintiff initiated this action after settlement discussions that started in October 2020 failed. After Plaintiff's filed the action, Defendants began using the mark "TOG," which Plaintiff also contends infringes on its marks. Since the filing of the action, the parties have been engaged in settlement discussions and are hopeful that the matter will settle.

### B.   Defendants' Contentions

Defendants respond to Plaintiff's allegations as set forth in their Answer. *See* ECF No. 18. Defendants operate a website (*see* www.thenewknew.com) that provides reviews of health and

beauty products. Plaintiff offers packaged salad products. *See* https://www.iloveorganicgirl.com/about/ (last visited November 28, 2022). Defendant contends that the Plaintiff and Defendants' products are dissimilar and that there is no confusion. In addition, without conceding any wrongdoing, Defendants have voluntarily rebranded their business to the New Knew.

### III. LEGAL ISSUES

#### A. Plaintiff's Contentions

This action is brought by Plaintiff against Defendants for (1) trademark infringement under the Lanham Act; (2) common law trademark infringement; (3) false designation of origin; (4) federal unfair competition; (5) California unfair competition; (6) trademark dilution; (7) conversion; and (8) declaratory judgement for denial of trademark registration. Defendants, through use of the THIS ORGANIC GIRL and TOG marks, are infringing on Plaintiff's ORGANICGIRL Marks.

#### B. Defendants' Contentions

Defendants respond to Plaintiff's allegations as set forth in their Answer. *See* ECF No. 18. In addition, without conceding any wrongdoing, Defendants have voluntarily rebranded their business to the New Knew.

### IV. MOTIONS

No motions have been filed by the parties. Plaintiff reserves the right to file a motion for partial summary judgment as to liability.

Defendants expect to file a motion to transfer under 28 U.S.C. § 1404(a) as Defendants are located in Atlanta, Georgia and all relevant evidence and witnesses are there. Defendants reserve the right to file a motion for partial summary judgment as to liability.

### V. AMENDMENT OF PLEADINGS

Plaintiff does not anticipate amending the Complaint, but reserves the right to do so if new facts arise during discovery. See the Proposed Schedule included in Section 16 for the proposed deadline to amend pleadings.

- 3 -

**VI.    EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties do not anticipate any significant ESI. If ESI does become significant in this matter, the parties will meet and confer regarding additional steps necessary.

**VII.   DISCLOSURES**

The parties have not yet exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26 and have agreed to do so on or before December 13, 2022.

**VIII.  DISCOVERY**

The parties have not conducted any discovery to date. The parties have agreed to exchange their Fed. R. Civ. P. 26(a) initial disclosures on or before December 13, 2022. The parties anticipate conducting written discovery and taking depositions. The parties do not propose any limitations or modifications of the discovery rules. The parties have discussed entering into a stipulated e-discovery order and do not believe that one is necessary at this time. The parties will reassess at a later date and meet and confer regarding such an order if necessary. The parties propose the discovery plan outlined in Section 16 below. There is currently no discovery-related dispute between the parties.

**IX.    CLASS ACTION**

This case is not a class action.

**X.     RELATED CASES**

There are no related cases or proceedings pending before another judge of this court or before another court or administrative body.

**XI.    RELIEF**

Plaintiff incorporates its Complaint. Plaintiff seeks a preliminary and permanent injunction restraining Defendants and Defendants' officers, agents, servants, employees, representatives, attorneys, assigns and all other persons in active concert of participation with them from (1) using

the THIS ORGANIC GIRL Mark, or any trademark or service mark or trade dress that is confusingly similar to the ORGANICGIRL Marks (a) as the whole or any part of a business name in connection with the products and/or services it seeks to provide or (b) in connection with the distribution, advertising, sale, or promotion of any good or services similar to those provided by Plaintiff; (2) holding out in any manner whatsoever that Defendants or Defendants' goods and/or services are in any way sponsored by, associated with, connected to, or affiliated with Plaintiff or Plaintiff's business; or (3) making any other commercial use whatsoever, of any of the THIS ORGANIC GIRL Mark, or any trademark or service mark or trade dress confusingly similar to the ORGANICGIRL Marks.

Plaintiff additionally seeks an order requiring Defendants to (1) file with the Court and serve on Plaintiff, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; (2) destroy all products and advertisements within their possession, custody, or control, that use the THIS ORGANIC GIRL Mark, as provided by 15 U.S.C. § 1118; (3) make an accounting to Plaintiff and be directed to pay over to Plaintiff all gains, profits, and advantages realized by Defendants from the advertisement and/or sale of goods and/or services bearing the infringing designation, pursuant to 15 U.S.C. § 1117, and that such amounts be trebled as provided by law; (4) pay to Plaintiff all damages suffered by Plaintiff, pursuant to 15 U.S.C. § 1117, and that such amounts be trebled as provided by law; (5) pay Plaintiff's reasonable attorney's fees and all costs connected with this action, pursuant to 15 U.S.C. § 1117; (6) pay to Plaintiff prejudgment interest at the maximum rate permitted by law; (7) pay to Plaintiff compensatory damages according to proof; (8) pay to Plaintiff punitive or exemplary damages in an amount to be determined at trial; and (9) pay to Plaintiff the costs of the action.

Finally, Plaintiff seeks (1) a constructive trust on, and restitution, of all amounts obtained by Defendants as a result of their misconduct, together with interest thereon from the date of payment; (2) the value of the converted property; (3) payment for the time and money Plaintiff properly expended in the pursuit of the converted property; (4) prejudgment interest; and (5) an order pursuant to 15 U.S.C. § 1119 directing the Commissioner of Patents and Trademarks to deny

the registration of the THIS ORGANIC GIRL MARK, Serial No. 88/849,561.

## XII. SETTLEMENT AND ADR

Prior to the initiation of this action, the parties had initial, unsuccessful settlement discussions. After the initiation of this action, the parties, through counsel, have been engaged in settlement discussions. No settlement has been reached yet, but the parties have made substantial progress and are hopeful that one will be reached.

The parties agree to participate in an alternative dispute resolution proceeding if settlement discussion are unsuccessful.

## XIII. OTHER REFERENCES

The parties have agreed that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

The parties are presently unaware of any issues that can be narrowed by agreement or by motion. The parties will re-evaluate whether the presentation of evidence at trial can somehow be expedited once the parties conduct discovery and file any dispositive motions. The parties do not request the bifurcation of issues, claims, or defenses.

## XV. EXPEDITED TRIAL PROCEDURE

The parties do not consider this action suitable for Expedited Trial Procedure.

## XVI. SCHEDULING

The Parties propose the schedules outlined below. Additionally, Plaintiff's counsel is unavailable for trial on the following dates:

| Event | Plaintiff's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Initial Disclosures Due | December 13, 2022 | December 13, 2022 |
| Last Day to Amend Pleadings | February 10, 2022 | February 10, 2022 |
| Close of Fact Discovery | April 21, 2023 | April 21, 2023 |
| Opening Expert Reports Due | April 28, 2023 | April 28, 2023 |
| Rebuttal Expert Reports Due | May 26, 2023 | May 26, 2023 |
| Close of Expert Discovery | June 9, 2023 | June 9, 2023 |
| Opening Summary Judgment Brief By Plaintiff Side | June 22, 2023 | June 30, 2023 |

| | | |
|---|---|---|
| Opening/Opposition Brief by Defense Side | July 6, 2023 | July 14, 2023 |
| Reply/Opposition Brief by Plaintiff Side | July 20, 2023 | July 21, 2023 |
| Reply Brief by Defense Side | July 27, 2023 | July 28, 2023 |
| Last Day to Hear Dispositive Motions | August 17, 2023 | August 17, 2023 |
| Pre-Trial Conference | September 22, 2023 | September 22, 2023 |
| Trial Date | October 23, 2023 (Est. 5-7 Days) | October 23, 2023 (Est. 3-4 Days) |

## XVII. TRIAL

Plaintiff has requested a jury trial. Plaintiff expects the trial to be five (5) to seven (7) days. Defendant presently expects the trial to be three (3) to four (4) court days in length.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On February 11, 2022, Plaintiff filed the Certification of Interested Entities or Persons required by Civ. L.R. 3-15. Plaintiff certifies that the Certificate stated the following: "Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) Big Idea Holdings, LLC."

On August 8, 2022 Defendants filed Rule 7.1 Disclosure Statement. On November 28, 2022, Defendants filed Civ. L.R. 3-15 Certificate of Interested Entities. Both documents certify that there are no other interested parties other than those listed as Defendants in this matter.

## XIX. PROFESSIONAL CONDUCT

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

///

///

///

///

**XX.    OTHER MATTERS**

The parties are presently unaware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: November 29, 2022                    Respectfully submitted,

                                            DONAHUE FITZGERALD LLP


                                            By: /s/ Padmini Cheruvu
                                                Andrew S. MacKay
                                                Padmini Cheruvu
                                                Attorneys for Plaintiff
                                                ORGANIC GIRL LLC


Dated: November 29, 2022                    Respectfully submitted,

                                            **FOLIO LAW GROUP PLLC**


                                            By: /s/ David D. Schumann
                                                David D. Schumann
                                                Stefan Szpajda
                                                Attorneys for Defendants
                                                THE ORGANIC GIRL LLC and
                                                LISA FENNESSY


**ELECTRONIC SIGNATURE ATTESTATION CERTIFICATE**

In accordance with Civil L.R. 5-1, I attest that concurrence in the filing of the Joint Case Management Statement and Proposed Order has been obtained from David D. Schumann, the other electronic signatories thereto.

Dated:    November 29, 2022                 DONAHUE FITZGERALD LLP


                                            By: /s/ Padmini Cheruvu
                                                Andrew S. MacKay
                                                Padmini Cheruvu
                                                Attorneys for Plaintiff
                                                ORGANICGIRL LLC

## [PROPOSED] CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE